**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

SAMUEL DEAN JAMES,            :
            :
          Plaintiff,           :
            :
      VS.            :
            :      7 : 10-CV-76 (HL)
            :
MICHAEL J. ASTRUE,           :
Commissioner of Social Security,   :
            :
          Defendant.       :

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on August 9, 2010, challenging the

Commissioner's final decision denying his application for disability benefits, finding him not disabled

within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. §

405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the

Commissioner's decision is supported by substantial evidence and whether the Commissioner applied

the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983);

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are

deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a

reasonable person would accept the evidence as adequate to support the conclusion at issue.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir.

1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh

the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence

preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

### *Administrative Proceedings*

The Plaintiff filed an application for disability benefits on August 16, 2006. (T-102-106). His claims were denied initially and upon reconsideration. (T-57-60, 69-72). A hearing was held before an ALJ in Albany, Georgia on September 9, 2008. (T-25-53). Thereafter, in a hearing decision dated October 15, 2008, the ALJ determined that the Plaintiff was not disabled. (T- 6-21). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (T-1-4).

### *Statement of Facts and Evidence*

The Plaintiff was fifty (50) years of age at the time of the ALJ's decision, and alleged disability since June 6, 2006, due to heart disease and a herniated disk. (T-131). He has a high school education and past relevant work experience as a collection technician and a newspaper pressman. (T- 139). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of degenerative disc disease, essential hypertension and coronary artery disease. (T-11). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing light work activity. (T - 12). Although Plaintiff could not return to any of his past relevant work, the ALJ considered the Plaintiff's age, education, work experience, and residual functional capacity, and relied on the testimony of a Vocational Expert to determine that the Plaintiff remained capable of performing other jobs that existed in significant numbers in the

2

national economy and thus was not disabled.  (T-19-20).

## DISCUSSION

### *Evaluation of treating physicians' opinions*

The Plaintiff argues initially that the ALJ improperly disregarded the opinions of disability issued

by his treating orthopedic surgeon, Dr. Cordista, and his primary care physician, Dr. Clifton.  Pursuant

to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining

sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for

deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are

'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  20 C.F.R. §

404.1527(e)(1).  Good cause to discount the opinion of a physician has been found to exist "where the

doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.

We have also found good cause where the doctors' opinions were conclusory or inconsistent with their

own medical records."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations

omitted).  As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the

plaintiff's] condition and the medical consequences thereof, not their opinions of the legal

consequences of [her] condition." *Id.*

The Plaintiff argues that the ALJ failed to properly assign weight to the opinions issued by Dr.

Cordista and Dr. Clifton.  Both Dr. Cordista and Dr. Clifton issued statements regarding Plaintiff's

functional limitations in 2007 and 2008, essentially limiting the Plaintiff to less than sedentary work

and therefore placing the Plaintiff in the category of disabled.  (T - 480-84, 523-27).

In reviewing the opinions issued by Dr. Cordista and Dr. Clifton, the ALJ stated that:

> there are several factors that detract from the persuasiveness of the . . .
> medical opinions of Doctors Cordista and Clifton.  Those factors include:

(1) The claimant's objective medical problems . . . seem rather mundane for a person of his age. Review of the overall medical evidence of record shows that the claimant has not sought or obtained much medical treatment since his alleged onset date of disability - even though it has been available to him. In addition, the claimant has required only a modest amount of prescription medication. Moreover, there is no indication in the medical records that the claimant has suffered from any significant side effects from the medication he takes– directly acknowledging that he has experienced no problems with his concentration and memory. Until recently, the claimant ostensibly had not thought that he was so limited that it was necessary for him to have the relatively uncomplicated surgery that would likely relieve his pain symptoms. Similarly, the claimant has not perceived himself as so limited that it was necessary for him to follow sound medical advice to stop smoking.

(2) The opinions expressed by doctors Clifton and Cordista are not substantiated by the longitudinal objective medical evidence - and are generally inconsistent with other evidence of record pertaining to the claimant's broad range of activities of daily living. In this regard, there is no indication whatsoever that Dr. Cordista or Dr. Clifton were even remotely aware of the claimant's personal activities that are not congruent with the concept of "disability".

(3) Considering Dr. Clifton's status as a general practitioner and Dr. Cordista's status as an orthopedic surgeon, there is no indication that either physician is a specially trained and experienced specialist in occupational medicine. Accordingly, Doctors Clifton and Cordista are not well-qualified to render opinions pertaining to fitness for employment or disability - the latter issue ultimately reserved to the Commissioner per Social Security Ruling 96-5p.

(4) Most of the above-cited form-limited opinions are quite conclusory, providing very little (if any) explanation of the evidence relied on in forming those opinions.

The cumulative effect of these factors is to render the above-cited opinions of Doctors Cordista and Clifton unpersuasive.

(T - 17-18).

The ALJ also reviewed all of Plaintiff's symptoms, and evaluated whether these symptoms were consistent with the objective medical record. (T - 13-16).

The ALJ provided specific reasons to reject the opinions of disability issued by Dr. Cordista and Dr. Clifton, referencing the lack of support for these physicians' opinions in either the objective medical record or treatment notes. (T - 17). As noted by the ALJ, both Dr. Cordista and Dr. Clifton's statements of functional limitations for the Plaintiff are conclusory and unsupported by specific findings in the objective medical record. Plaintiff underwent surgery on his back in June 2008, approximately 3 months prior to the hearing date before the ALJ. (T - 548-49). Although Dr. Cordista cites generally to MRI and CT scans of Plaintiff's lumbar spine in restricting his physical activities, these diagnostic exams revealed normal findings, with "no sign of lumbar disc herniation or spinal canal stenosis" and the absence of "any arthritic changes". (T - 307, 423).

In regard to Plaintiff's daily activities, the Plaintiff points primarily to reports of his daily activities from 2006. (Doc. 8, p. 11). In responses to a Daily Living Questionnaire in 2008, Plaintiff stated that his activities consisted of preparing his own meals, laundry, shopping for food and driving, all without need of help. (T - 196-201). Plaintiff also indicated that he fished, viewed television and played cards in his free time. *Id.* at 198. Thus, the ALJ's reference to and recitation of the Plaintiff's daily activities as being in conflict with Plaintiff's allegations of total disability was appropriate and supported by substantial evidence.

### *Residual functional capacity assessment*

The Plaintiff also asserts that the ALJ erred in assessing his residual functional capacity, in that the ALJ failed to make a function-by-function assessment of his physical limitations, as required by Social Security Ruling 96-8p. Rule 96-8p provides that "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis". S.S.R. 96-8p. However, in reviewing a claim that the ALJ failed to comply with ruling 96-8p, the Eleventh Circuit has stated that "[w]e do not require the ALJ to

'specifically refer to every piece of evidence in his decision', so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole." *Castel v. Comm'r. of Social Security*, 355 Fed.Appx. 260, 263 (11ᵗʰ Cir. 2009) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11ᵗʰ Cir. 2005)).

Herein, the ALJ found that

> the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b), except that the claimant must be allowed to rotate positions frequently, and may not be required to do more than occasional stooping, crouching or crawling. In addition, he can have no exposure to industrial hazards.

(T - 12).

The ALJ thereafter reviewed the objective medical findings and the opinions issued by medical sources, finding that his residual functional capacity assessment was supported by the medical opinions issued by consultative physicians and the objective medical record. (T - 18).

The ALJ thus determined, based on the objective medical record and medical source opinions, that the Plaintiff's residual functional capacity was at a light level of work, as that level is defined in the Social Security regulations. The ALJ therefore adequately performed a function-by-function assessment of the Plaintiff's residual functional capacity. *Castel*, 355 Fed.Appx. 260, 263 (ALJ satisfied the requirements of Ruling 96-8p and performed a proper RFC analysis by finding a work level consistent with the medical evidence); *Freeman v. Barnhart*, 220 Fed.Appx. 957, 960 (11ᵗʰ Cir. 2007) (ALJ satisfied requirements of Ruling 96-8p by considering plaintiff's functional limitations and restrictions and then proceeding to express residual functional limitations); *Mohammed v. Astrue*, 2011 WL 2621362 (N.D.Ga.) (ALJ's reliance on medical consultant's opinion of residual functional capacity, as well as findings of certain functional limitations, satisfied requirements of Rule 96-8p).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 11th day of August, 2011.

**s/ *THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**

asb